# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2882

_____

United States of America,       *
                                     *

           Appellee,       *
                                   *    Appeal from the United States

     v.                      *    District Court for the
                                   *    Eastern District of Missouri.

Elliott M. Sumlin,         *

                                   *       [UNPUBLISHED]

          Appellant.     *

_____

Submitted: August 1, 2006
Filed: August 3, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

      Elliott M. Sumlin appeals the sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. His counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court abused its discretion by imposing a 135-month sentence and plainly erred under <u>United States v. Booker</u>, 543 U.S. 220 (2005), by applying the Guidelines as mandatory.

_____

    [1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

We enforce the broad appeal waiver included in Sumlin's plea agreement: the plea colloquy reflects that Sumlin understood and voluntarily accepted the terms of the plea agreement, including the waiver; this appeal falls within the scope of the waiver; and no injustice would result. United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to properly question defendant about decision to enter agreement and to waive right to appeal). The waiver also covered any issues under Booker. See United States v. Fogg, 409 F.3d 1022, 1025 (8th Cir. 2005) (unless expressly reserved, right to appellate relief under Booker is among rights waived by valid appeal waiver, even if parties did not anticipate Blakely v. Washington, 542 U.S. 296 (2004), or Booker).

Accordingly, we dismiss the appeal.

_____